# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| JOSE BLAS, ) | |
| ) | Civil Action No. 04-CV-40211-NG |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| DAVID L. WINN, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## MEMORANDUM OF RESPONDENT, DAVID L. WINN,
## IN SUPPORT OF THE MOTION TO DISMISS

## INTRODUCTION

The Petitioner, Jose Blas, an inmate at the Federal Medical Center, Devens, filed the instant Petition for Writ of Habeas Corpus and/or Mandamus under 28 U.S.C. §§ 1361 and 2241, alleging that the Federal Bureau of Prisons has incorrectly calculated the appropriate credit for good conduct time.  For the reasons stated below, the Petition fails to state a claim upon which relief can be granted and must be dismissed.[1]

---

[1]The issue presented in this memorandum is currently fully briefed and pending before the Court of Appeals for the First Circuit in Sloane v. Winn, First Circuit No. 04-2155 (2004).

## STATEMENT OF FACTS[2]

On December 16, 2002, Petitioner was sentenced in the United States District Court for the Middle District of Florida to serve 180 months imprisonment, with a three-year term of supervised release, for: (1) Attempt to Persuade and Coerce an Individual Under the Age of 18 to Engage in Sexual Act (Two Counts), in violation of 18 U.S.C. § 2422(b); and (2) Travel in Interstate Commerce for Purpose of Engaging in Any Sexual Act with an Individual Under the Age of 18 Years, in violation of 18 U.S.C. § 2423(b).  See Declaration of Stephanie Scannell ("Scannell Dec.") Exhibit 1, Attachment B, p.1 (Sentence Monitoring Computation Data). Petitioner's release date, if he were to serve the full term of his sentence, is May 8, 2017.  Id., Attachment A, p.2 (Inmate Data).

The calculation of Good Conduct Time (GCT) begins for this Petitioner on May 9, 2002.[3] See Scannell Dec., Exhibit 1, Attachment C. (Sentence Monitoring Good Time Data).  Pursuant to the regulatory scheme adopted by the Bureau of Prisons (BOP), and assuming that Petitioner's conduct is, in fact, good, Petitioner would be eligible for a maximum credit for GCT of 705 days. Id.  As more fully explained below, Petitioner receives (assuming Petitioner is eligible) 54 days of credit for each complete year *served* from May 9, 2002 through May 8, 2015.  Id.  This leads to a credit of 702 days for the 13 years actually served.  For the balance of his sentence, which is only a fraction of a year, from May 9, 2015 through June 3, 2015 (the 702 days of credit having

---

[2]In accord with the standard of review upon a motion to dismiss, the well-pleaded factual allegations of the Petition are accepted as true for purpose of this motion.  See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994).

[3] This date is reached by using the date the sentence began, December 16, 2002, minus two-hundred twenty-one days (221) of credit for jail time served prior to the sentence.  See Scannell Dec., Exhibit 1, Attachment C.

been subtracted from the original date of release of May 8, 2017), Petitioner would receive an additional three days of GCT, a total of 705 days.  Id.

Petitioner (by way of a form motion) fails to specify the number of days that he contends should be awarded.  Broadly construing the motion, it appears that the Petitioner contends that he is entitled to 54 days of credit for each year of the sentence *imposed* (regardless of whether the time is served).  Thus, Petitioner appears to allege that he is entitled to 54 days of credit for each year from May 9, 2002 to May 8, 2017 (15 years), a total of 810 days.[4]

## BACKGROUND

A.    The Governing Statute

For offenses committed after November 26, 1996, GCT is determined pursuant to the Sentencing Reform Act, 18 U.S.C. § 3624(b).  That statute provides in relevant part:

(b) Credit toward service of sentence for satisfactory behavior.

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days

---

[4]  Petitioner did not exhaust his administrative remedies, Scannell Dec., ¶ 4, Attachment E (Administrative Remedy General Retrieval).  There exists a judicially-created exhaustion requirement for habeas petitions brought pursuant to 28 U.S.C. § 2241.  See Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999) ("Once administrative remedies under the Bureau of Prison's Administrative Remedies Program are exhausted, see 28 C.F.R. §§ 542.10-542.16, prisoners may then seek judicial review of the request for designation by filing a habeas petition under 28 U.S.C. § 2241."), cert. denied, 528 U.S. 1126 (2000).  Respondent notes, however, that courts have reached differing conclusions as to whether this exhaustion requirement is futile. Compare Molina v. Wendt, 2004 WL 1490029 (N.D. Tex. July 1, 2004) (exhaustion not futile), report and recommendation adopted by 2004 WL 161942 (N.D. Ill. July 16, 2004); Sanchez v. Wendt, 2003 WL 22327877 (N.D. Tex. Oct. 8, 2003) (same), report and recommendation adopted by 2003 WL 22961222 (N.D. Tex. Oct. 27, 2003); with Caldwell v. Scibana, 2004 WL 1631290 (W.D. Wisc. July 19, 2004) (exhaustion futile); Martinez v. Wendt, 2003 WL 22456808 (N.D. Tex. Oct. 24, 2003) (same), report and recommendation adopted by 2003 WL 22724755 (N.D. Tex. Nov. 18, 2003).

> at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. . . .

Id.

B.    The Bureau of Prisons Regulation

To implement the statutory directive, the Bureau of Prisons has issued regulations construing the statutory directive. Specifically, 28 C.F.R.§ 523.20, provides:

> (a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:
>
> > (1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or
> > (2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

Id. (emphasis added).

The calculation under the Sentencing Reform Act and relevant regulations is further explained in BOP Program Statement 5880.28, Sentence Computation Manual CCCA ("PS 5880.28") (The relevant portions are included in the Scannell Dec., Attachment D.) Consistent with the statute and regulation, PS 5880.28 provides that, in determining credit to be applied to the last year or portion of the last year, the 54 days of credit per year earned by a model prisoner shall be prorated to 0.148 days of credit for every actual day served (54/365 = 0.148). Id.

4

Thus, in accord with the statutory directive that GCT in the last year shall be prorated, the implementing regulations and the Program Statement adjust for the fact that each additional day of accrued GCT results in one day less of time served.  Consequently, the days of credit and days of time served are adjusted to reflect that fact that an inmate granted GCT does not actually serve the entire "term of imprisonment."

C.    The Petitioner's Argument

The Petitioner argues the BOP regulations and Program Statement impermissibly substitute *time actually served* in place of "term of imprisonment."  Stated another way, Petitioner asserts that the calculation of GCT must be made with regard to the sentence imposed, not with regard to time actually served.  Thus, the Petitioner contends that the Sentencing Reform Act mandates that he receive 54 days of GCT credit for the entire 15 years of the sentence imposed, a total of 810 days.

Under this theory, Petitioner "earns" GCT during the last two years and eighty days of his sentence, even though he will never have served a single day of that time.  Moreover, under Petitioner's theory, Petitioner "earns" GCT before he must demonstrate that he is entitled to GCT by his behavior in incarceration.  Petitioner just assumes that he will be entitled to GCT before having to perform the acts necessary to earn GCT.

<u>**ARGUMENT**</u>

**I.    Summary of Argument**

Succinctly, the present dispute is whether "term of imprisonment," as used in § 3624(b), unambiguously means the sentence imposed (as argued by the Petitioner), or, whether it means time served. Alternatively, if the term is deemed to be ambiguous, the question becomes whether the BOP's interpretation is a reasonable construction of the statute.

As the intent of Congress clearly indicates that "term of imprisonment" was intended to apply to time actually served in calculation the award of GCT, or alternatively, because the term is ambiguous and the BOP's construction represents a reasonable interpretation of the statute, the Petition must be dismissed.

**II.    The Standard of Review**

The Supreme Court has instructed that, in reviewing an agency's interpretation of a statute that it administers, courts must engage in a bifurcated, or two-step inquiry:

> First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

<u>Chevron, U.S.A. Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 842-43 (1984).

**III.    Congress Clearly Intended That "Term of Imprisonment" Means Time Served When Calculating Available GCT Awards**

A.     <u>Statutory Interpretation</u>

In determining whether Congress has spoken directly to the precise question at issue, "the starting point for interpreting a statute is the language of the statute itself.  Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."  <u>Consumer Product Safety Comm'n v. GTE Sylvania, Inc.</u>, 447 U.S. 102, 108 (1980).  At the same time, "the task of statutory interpretation involves more than the application of syntactic and semantic rules to isolated sentences.  Even plain meaning can give way to another interpretation if necessary to effectuate Congressional intent."  <u>Cablevision of Boston, Inc. v. Public Improvement Comm'n of Boston</u>, 184 F.3d 88, 101 (1st Cir. 1999) (citing <u>Greenwood Trust Co. v. Massachusetts</u>, 971 F.2d 818, 825 (1st Cir.1992), and <u>SEC v. Lehman Bros., Inc.</u>, 157 F.3d 2, 8 (1st Cir.1998)).  Thus, "[r]ather than 'culling selected words [or sentences] from a statute's text and inspecting them in an antiseptic laboratory setting, a court engaged in the task of statutory interpretation must examine the statute as a whole, giving due weight to design, structure, and purpose as well as to aggregate language.'"  <u>Id</u>. (quoting <u>O'Connell v. Shalala</u>, 79 F.3d 170, 176 (1st Cir.1996)).  As the Supreme Court has emphasized, it is a "cardinal rule that a statute is to be read as a whole, since the meaning of statutory language, plain or not, depends on context."  <u>King v. St. Vincent's Hospital</u>, 502 U.S. 215, 221 (1991).

B.     <u>The Text And Structure of 18 U.S.C. §3624(b) Reveal That Congress Intended That GCT Awards Be Based Upon Time Actually Served</u>

7

"In plotting the contours of a statute, courts must look first to its language and structure."

Plumley v. Southern Container, Inc., 303 F.3d 364, 369 (1st Cir. 2002).  The Sentencing Reform

Act provides that credit for GCT be given "at the end of each year of the prisoner's term of

imprisonment" subject to a finding of "exemplary compliance with institutional disciplinary

regulations" and that "credit for the last year or portion of a year of the term of imprisonment

shall be prorated . . . ."  To award credit for "good conduct," BOP must, indisputably, examine

an inmate's conduct over a period of imprisonment to decide whether that prisoner has shown

"exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b).

As a matter of common sense, an inmate cannot establish "exemplary compliance with

institutional disciplinary regulations" for time that was spent in incarceration.  Thus, the

Petitioner's interpretation impermissibly renders superfluous the requirement that BOP evaluate

whether there has actually been good behavior over the period for which credit is sought.   See

Duncan v. Walker, 533 U.S. 167, 174 (2001) (a provision of a statute should not be interpreted in

a manner that renders another provision of the same statute superfluous); Kawaauhau v. Geiger,

523 U.S. 57, 62 (1998) (same).  If GCT credit were awarded based on the length of sentence, as

Petitioner urges, inmates would, nonsensically, be awarded GCT for periods in which they were

not incarcerated and in which there has been no showing of compliance with disciplinary

regulations, i.e., time for which there has been no good conduct.[5]

_____

[5]The statute provides, "Credit that has not been earned may not later be granted."  Thus,
the language clearly indicates that GCT credit must be earned.  If GCT credit were awarded
based on length of sentence, as Petitioner urges, credit would be awarded for time not actually
spent in prison, in other words, credit given that was never actually earned.

8

Thus, the statutory language reveals Congress' intent to predicate GCT credit on the time an inmate actually served, rather than on the mere length of the original sentence. Indeed, this conclusion is inescapable. If Petitioner is correct that the GCT credit to which an inmate is entitled is simply calculated by multiplying 54 days for each year of the "sentence imposed," Petition at 7, that would mean that the Petitioner would be entitled to 810 days of GCT credit, even though he would not serve any of the fourteenth and fifteenth years of imprisonment, and only a portion of the thirteenth year of imprisonment, as a result of the GCT credit of 810 days. Such a result cannot be squared with the statutory directive that 54 days of GCT credit may be awarded "at the end of each year of the prisoner's term of imprisonment," so long as "during that year," the inmate satisfied the statutory preconditions. See, e.g., Pasciuti v. Drew, 2004 WL 1247813, *5 (N.D.N.Y. June 2, 2004) (holding that "granting GCT for years that will not be served is illogical, because compliance with disciplinary rules during those years is not possible.").

Petitioner's interpretation of § 3624(b) also cannot be squared with another section of that statute, which requires that "credit for the last year or portion of a year of the term of imprisonment *shall be prorated* and credited within the last six weeks of the sentence." 18 U.S.C. § 3624(b)(1) (emphasis added). Petitioner was sentenced to serve 180 months imprisonment, see Scannell Decl., Exhibit 1, Attachment B, and therefore will not serve any of the final one and one half years of imprisonment (assuming good conduct). Yet, under Petitioner's theory, under which he is entitled to receive 54 days of GCT credit for each year of his "sentence imposed," Petition at 7, the proration clause would be rendered null, for instead of receiving a prorated portion of GCT credit for the partial year served in the fourteenth year of his

9

sentence, Petitioner would receive the entire 54 days of GCT credit for that year (and the subsequent unserved years) even though he did not serve the full 365 days of that year. As previously noted, the statute cannot be construed in a manner that renders another provision of the same statute superfluous. See Duncan; Kawaauhau, supra. As the Ninth Circuit ruled in rejecting a like argument:

> Whereas the model prisoner will ordinarily receive his fifty-four-day credit after complying with prison disciplinary rules for 365 days, under Pacheco's reading, a prisoner who serves 311 days would receive the same number of credits for exhibiting good behavior over only eighty-five percent of the year. Pacheco's interpretation would therefore confer upon the prisoner a bonus during his last year of imprisonment. Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year.

Pacheco-Camacho v. Hood, 272 F.3d 1266, 1268-69 (9th Cir. 2001), cert. denied, 505 U.S. 1105 (2002).

      C.      The Decision Relied Upon By The Petitioner, White v. Scibana, Should Not Be Followed

Respondent acknowledges that, in White v. Scibana, 314 F. Supp. 2d 834 (W.D. Wisc. 2004), on appeal, No. 04-2410 (7th Cir.), the court reached a different conclusion. In that case, the district court concluded that "§ 3624(b) is unambiguous: 'term of imprisonment' means 'sentence imposed.'" Id. at 836. Although noting that, in isolation, the term "term of imprisonment" was arguably ambiguous, the court found that that term was used in several other provisions of § 3624(b), and that "[n]one of the other uses supports a 'time served' interpretation of 'term of imprisonment.'" Id. at 838. See id. (citing use of "term of imprisonment" in §§ 3624(a) and 3624(b)).

Respondent submits that the White decision is not well reasoned and should not be followed.[6]   As explained supra, under the White court's reasoning, an inmate would receive GCT credit not only for time served, but also for time that was not served because the accumulated GCT has shortened the total time an inmate is required to serve before release. Indeed, in cases such as Petitioner's, an inmate would receive GCT credit for  entire years that were not served, notwithstanding the statute's requirement that GCT credit be awarded "at the end of each year of the prisoner's term of imprisonment," and making it impossible for BOP to measure whether the inmate had displayed exemplary compliance with disciplinary regulations "during that year."   As one court has observed, "[a]ccepting the rationale of Petitioner and the White court would lead to an inconsistency in the statute. . . .  The question that arises is as follows:  Because the statute requires BOP to award GCT at the *end* of a year of imprisonment,

_____

[6] Indeed, virtually every court to have considered this question on the merits, save that in White, has upheld BOP's interpretation of § 3624(b).  See Brown v. Hemingway, 53 Fed. Appx. 338, 338, 2002 WL 31845147, * 1 (6th Cir. 2002) ("The Bureau's interpretation is reasonable in light of the statutory language."); Williams v. Lamanna, 20 Fed. Appx. 360, 361, 2001 WL 1136069 (9th Cir. 2001) ("The statute clearly states that good conduct time is awarded on time served by the inmate, not on the time that might potentially be served by the inmate."); Pacheco-Camacho, 272 F.3d at 1270 (holding that, under Chevron step two, BOP's interpretation "comports with the statutory language of section 3624(b), and does not subvert the statutory design");  Webb v. Deboo, No. 3:03CV961 (PCD) (JGM), slip op. at 5-6 (D. Ct. Sept. 22, 2004) ("The court concludes that the BOP's method of calculation of good time credit is consistent with and a reasonable interpretation of the statute.") (attached hereto as Exhibit 2); Muratella v. Veltri, Civ. No. 04-456-WDS, slip op. at 2 (S.D. Ill. Sept. 2, 2004) (attached hereto as Exhibit 3) (agreeing that BOP's interpretation of § 3624(b) was reasonable); Graves v. Bledsoe.334 F. Supp.2d 906, 908 (W.D. Va. 2004) ("This court finds that the BOP's interpretation is a logical interpretation of the entire statute."); Pasciuti, 2004 WL 1247813, * 6; Martinez v. Wendt, 2003 WL 22456808, * 3 (N.D. Tex. Oct. 24, 2003) (holding that, under Chevron step two, BOP's interpretation "is reasonable and is not effected to subvert the will of Congress."), report and recommendation adopted by, 2003 WL 22724755 (N.D. Tex. Nov. 18, 2003).

then when is that credit vested if a year of imprisonment is never actually served?"  Pasciuti,

2004 WL 1247813, * 5 (emphasis in original).

Moreover, the White court's conclusion that the term "term of imprisonment" must be

construed to have a uniform meaning throughout § 3624, ignores the Supreme Court's

admonition that the presumption that identical words in different parts of the same statute are

intended to have the same meaning is just that, a presumption, which is "not rigid" and which

"readily yields whenever there is such variation in the connection in which the words are used as

reasonably to warrant the conclusion that they were employed in different parts of the act with

different intent."  General Dynamics Land Sys. Inc. v. Cline, 124 S. Ct. 1236, 1245 (2004)

(quoting Atlantic Cleaners & Dryers, Inc. v. United States, 286 U.S. 427, 433 (1932)).  Such is

the case here.

Indeed, the White court's analysis would, itself, lead to absurd results.  By way of

example, § 3624(d) provides that an inmate shall be given clothing, a stipend, and transportation

upon his or her release "on the expiration of the prisoner's term of imprisonment."  18 U.S.C.

§ 3624(d).  Following the district court's logic in White, this Petitioner would be released

penniless, naked, and with no means of travel, with the option of returning in just under four

years for clothing, a stipend and transportation.  That cannot have been Congress' intent.

IV.    **Should This Court Determine That The Meaning Of "Term Of Imprisonment" Is
       Ambiguous, The BOP's Method Of Calculation Must Be Upheld As A Reasonable
       Construction Of The Statute**

To the extent that "term of imprisonment" may be construed as ambiguous, the BOP's

construction must be upheld.  See Chevron, 467 U.S. at 842-43.  As previously noted, the

Petitioner's interpretation of "term of imprisonment" cannot be reconciled with the provision

12

that BOP must make a determination at the end of the year whether the inmate has demonstrated compliance with prison regulations and the provision that credit in the final year must be prorated.  <u>See</u> Section IIIB, <u>supra</u>.  Similarly, Congress' use of the term in other sections the statute to mean the sentence imposed, as noted by the court in  <u>White</u>, <u>supra</u>, cannot be reconciled with either the above noted provisions or the use of the term in 18 U.S.C. § 3624(d) (in which the inmate is to be given clothing, a stipend and transportation at the conclusion of his "term of imprisonment.").  <u>See</u> Section IIIC, <u>supra</u>.

To the extent that the term is deemed to be ambiguous, the BOP's construction reasonably accommodates the conflicting provisions.  As such, it is entitled to substantial deference from this Court.   <u>See</u> <u>Chevron</u>, 467 U.S. at 837 (declaring that regulations promulgated by an agency under a statutory scheme within its purview will be given controlling weight unless "arbitrary, capricious, or manifestly contrary to the statute").

## <u>CONCLUSION</u>

For the forgoing reasons, the Petition should be dismissed.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:   <u>/s/ Jeffrey M. Cohen   </u>
JEFFREY M. COHEN
Assistant U.S. Attorney
John Joseph Moakley U. S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100

<u>CERTIFICATE OF SERVICE</u>

13

I hereby certify that on this 23rd day of November 2004, the foregoing document was served upon Petitioner, Jose Blas, Reg. No. 67734-053, FMC Devens, P.O. Box 879, Ayer, MA 01432 by  mail.

      /s/ Jeffrey M. Cohen
Jeffrey M. Cohen

14