## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE BLAS, | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )    No. 04-cv-40211-NG |
| | ) |
| DAVID L. WINN, | ) |
|     Respondent. | ) |

GERTNER, D.J.:

### JUDGMENT
**January 31, 2005**

Petitioner's sole claim in this habeas petition is that the Bureau of Prisons ("BOP") has wrongly interpreted 18 U.S.C. § 3624(b), which is the statute governing the allotment of good conduct time to federal prisoners.  Petitioner argues that the BOP's interpretation of the statute--awarding 54 days of good conduct time for each year of imprisonment *served*, rather than for each year of imprisonment *imposed*--is contrary to a plain reading of § 3624(b) and the Congressional intent underlying the statute.

Respondent has filed a motion to dismiss the habeas petition, arguing that the petition fails to state a claim upon which relief can be granted because the BOP's interpretation of the statute is consistent with Congressional intent.  Since filing that motion, the First Circuit handed down its decision in Perez-Olivo v. Chavez, 2005 WL 31913 (1st Cir. 2005), in which the court held that the meaning of § 3624(b) is ambiguous and that the BOP's interpretation of it is reasonable.

Petitioner has not filed a response to the motion to dismiss. There is no basis, however, on which to distinguish petitioner's claim from the holding in <u>Perez-Olivo</u>. Accordingly, this habeas petition is without merit, and it is hereby DISMISSED.

**SO ORDERED.**

**Dated: January 31, 2005**          <u>s/ NANCY GERTNER U.S.D.J.</u>